See also, 146 F.Supp. 195.

STATE of Illinois, Illinois Commerce Commission, and Milwaukee Road Commuters' Association, Plaintiffs,

v.

UNITED STATES of America, Interstate Commerce Commission, and Chicago, Milwaukee, St. Paul & Pacific Railroad Company, Defendants.

No. 56 C 681.

United States District Court
N. D. Illinois, E. D.

Dec. 19, 1958.

---

S. Ashley Guthrie, Francis D. Fisher, of Tenney, Sherman, Bentley & Guthrie, Chicago, Ill., for Mailwaukee Road Commuters' Association.

Latham Castle, Atty. Gen., and Harry R. Begley, Chicago, Ill., for State of Illinois and Illinois Commerce Commission.

Edwin R. Eckersall, R. K. Merrill, Frank M. Long, Chicago, Ill., for Chicago, Milwaukee, St. Paul & Pacific R. Co.

J. Lee Rankin, Sol. Gen., Department of Justice, Washington, D. C., and Robert Tieken, U. S. Atty., Chicago, Ill., for the United States.

Robert W. Ginnane and Charlie W. Johns, Jr., Washington, D. C., for Interstate Commerce Commission.

Before SCHNACKENBERG, Circuit Judge, and SULLIVAN and LA BUY, District Judges.

SCHNACKENBERG, Circuit Judge.

On September 12, 1958, defendant Chicago, Milwaukee, St. Paul & Pacific Railroad Company, a corporation, hereinafter called the Milwaukee Road, filed its motion for distribution to itself, for its own general use, the total amount of excess fares now remaining unclaimed by, and unrefunded to, the persons from whom collected, now amounting (it is said) to the sum of $229,565.51; and Milwaukee Road Commuters' Association, one of the plaintiffs herein, has filed an answer to said motion, denying that the Milwaukee Road is entitled to the balance now in said fund and asserting that the Milwaukee Road should be required to deposit the balance of said fund with the clerk of this court to be used to pay to plaintiffs their reasonable expenses incurred in connection with this litigation.

Provision for the establishment of the fund in question was made by this court's order of June 18, 1956, which provides:

"This cause coming on to be heard on motion of Chicago, Milwaukee, St. Paul & Pacific Railroad Company (herein referred to as 'the Milwaukee Road') one of the defendants herein, for the entry of an order staying the injunction prescribed by decree of this court entered June 14, 1956, pending the hearing of said cause on appeal before the Supreme Court of the United States, it appearing to the court that due and proper notice of the time and place for presentation of said motion has been served on all the attorneys of record and it further appearing to the court that Notice of Appeal from the decree entered by this Court on June 14, 1956, has been duly served and filed and the Court being fully advised in the premises,

"It Is Ordered:

"1. The injunction prescribed by decree of this Court entered June 14, 1956, is stayed pending disposition of the appeal from that decree heretofore taken to the Supreme Court of the United States, and subject to the conditions below set forth.

"2. The excess fares collected by the Milwaukee Road after April 20, 1956, pursuant to order of the Interstate Commerce Commission set aside by the decree, shall be impounded and held by the Milwaukee Road in a separate fund so that in the event the decree is affirmed, or the appeal therefrom is dismissed or discontinued, the excess fares may be refunded to the persons who paid them. The Milwaukee Road shall issue suitable coupons or other evidence to such persons showing their payment of the excess fares.

"3. If the decree is reversed and injunction dissolved, the Milwaukee Road shall retain the impounded excess fares and may transfer them to its general funds.

"4. If the decree is affirmed or the appeal is dismissed or discontinued, the Milwaukee Road shall post immediately in its suburban stations, notice that refund will be made of the excess fares to the persons who have paid them.

"5. Six months after the posting of such notice, the Milwaukee Road shall file a report in this court setting forth the total amount of the excess fares impounded, the total amount of refunds made therefrom, and the balance of the impounded excess fares then unclaimed. At the same time, the Milwaukee Road shall deposit with the Clerk of this Court the amount of such unclaimed balance.

"6. Thereupon, upon petition of plaintiffs, and evidence showing reasonable expenses (including reasonable attorneys' fees) incurred by each of the plaintiffs in the proceeding before the Interstate Commerce Commission, reviewed in this case, in prosecuting this case in this Court, and in connection with the appeal from the decree herein, the

Court shall order that the amount of said reasonable expenses shall be paid to plaintiffs from the unclaimed balance of the impounded excess fares. Any remaining balance shall be retained by the Clerk subject to such disposition as this Court may direct.

"7. The Court retains jurisdiction of this case to enter such further orders as may be required to carry this order into effect."

According to the records of this court, the balance of said fund, in the sum of $229,565.51, was paid to the clerk of this court on September 16, 1958, and is now on deposit in a Chicago bank.

The order of June 18, 1956, is an agreed order and was entered upon motion of the Milwaukee Road.[1] No appeal has been taken from that order and, of course, no appeal could have been taken therefrom.

Exhaustive briefs have been filed and considered by this court.

The agreed order of June 18, 1956, was a final and favorable determination of the right of plaintiffs to receive payment from the unclaimed balance of impounded excess fares covering their reasonable expenses (including reasonable attorneys' fees) incurred by each of them as referred to in said order. The only reservation of jurisdiction in regard thereto was for the purpose of entering such further orders as may be required to carry that order into effect. However, in order that plaintiffs may take advantage of the provisions of that order in this respect, they must petition this court and submit evidence showing reasonable expenses incurred by each of them and the amount. For that reason, counsel for plaintiffs are directed to prepare and, after due notice, submit to this court for entry, an order granting plaintiffs leave to file within ten days thereafter, a petition or petitions, together with proper affidavits showing in detail the reasonable expenses (including reasonable attorneys' fees) incurred by each of them, and which order shall give leave to defendants, or either of them, to file within ten days after the filing of each said petition, an answer to said petition, together with such counter-affidavits as defendants may deem necessary.

The said order shall provide further that this court reserves jurisdiction to finally adjudicate upon said petition or petitions and to dispose of said entire fund.

As to any balance remaining in said fund after it has been reduced by the payment of any such reasonable expenses (including reasonable attorneys' fees) as aforesaid, we hold that said balance shall be paid to the Milwaukee Road (Atlantic Coast Line Railroad Co. v. State of Florida, 295 U.S. 301, 55 S.Ct. 713, 79 L.Ed. 1451). Provision, therefore, shall be included in the order which we have hereinabove directed counsel for plaintiffs to submit to this court.

1. Before this court on February 28, 1958, the following colloquy occurred:

"Judge Schnackenberg. * * * We entered an order on June 18, 1956, providing for the impounding of money constituting the excess, alleged excess, fares to be paid by persons using the Milwaukee Road in suburban service. Was there any objection entered to the entry of that order, or was it an agreed order?

"Mr. Guthrie: There was no objection. It was an agreed order, your Honor.

"Judge Schnackenberg: Is that right, counsel?

"Mr. Eckersall: That is right, your Honor.

"Judge Schnackenberg: 'That is correct'. Mr. Eckersall answered for the railroad.

"Mr. Eckersall: Your Honor, as I recall, counsel for plaintiff prepared the order. We had prepared one form of order, and they prepared the the form that was entered.

"Judge Schnackenberg: The order was entered upon the motion of counsel for the railroad.

"Mr. Eckersall: That is correct, sir. * * * "